DECISION AND JUDGMENT ENTRY
{¶ 1} Cory N. Gillman appeals from the Gallipolis Municipal Court's decision finding him guilty of a "hit skip" vehicle collision in violation of Gallipolis City Code 335.12. Gillman contends that the trial court erred by allowing the state to introduce evidence that was not disclosed on discovery and that was disposed of by the arresting officer prior to trial. Gillman also asserts that his conviction was against the manifest weight of the evidence because Gillman testified that he did not know his truck collided with the sign and because the state failed to prove damage to the sign. Finally, Gillman argues that the trial court abused its discretion when it denied his motion for a new trial on the basis that the state failed to disclose evidence during discovery. We disagree with all assignments of error because Gillman failed to raise a timely objection at trial. Therefore, he is precluded from asserting these issues on appeal.
 {¶ 2} Accordingly, we affirm the judgment of the trial court.
 I. {¶ 3} On March 19, 2003, Officer Michael Fulks received a report from Chief Donnally of the Gallipolis Fire Department that a truck collided with a road sign while attempting to make a left turn. Officer Fulks responded to the call and stopped Gillman to inspect his truck. The officer cited Gillman for failure to maintain control of his vehicle in violation of the Gallipolis City Code 331.31 and with "hit skip" in violation of Gallipolis City Code 335.12.
 {¶ 4} On March 20, 2003, Gillman appeared before the trial court. He pled guilty to the charge of failure to control his vehicle and not guilty to the "hit skip" charge.
 {¶ 5} The court held a bench trial on August 28, 2003. At trial, Chief Donnally testified to observing Gillman's truck collide with the sign and to damage to the sign from the collision. Office Fulks testified to inspecting Gillman's truck and to recovering a part of the truck from a third party. According to his testimony, Officer Fulks took the truck part to the police department, but later discarded it because he mistakenly believed the case was over. Gillman claims he objected to the introduction of this evidence on the basis that the state failed to disclose it during discovery. The state, however, claims that Gillman never objected to this testimony at trial.
 {¶ 6} Gillman also testified at the trial. According to his testimony, he was never informed of the reason for the inspection of his truck; that Officer Fulks and another officer were at the scene of the inspection; and that Officer Fulks never informed Gillman of any damage to his truck when the inspection was concluded. Gillman also denied that his truck collided with the sign and testified that he took pictures of the truck and sign immediately after he was issued the citations.
 {¶ 7} The trial court found Gillman guilty of the "hit skip" offense and rendered a suspended sentence of 180 days in jail and imposed a fine of $100 and costs. On September 12, 2003, Gillman filed a motion for a new trial on the basis that the state failed to disclose material evidence during discovery. The trial court denied the motion on September 29, 2003.
 {¶ 8} Gillman appeals and asserts the following assignments of error: "[I.] The [t]rial [c]ourt committed prejudicial error in allowing the [s]tate to testify about evidence that was (1) not disclosed on discovery, and (2) was disposed of by the arresting officer without disclosure to the [a]ppellant or his counsel; and (3) the [s]tate failed to disclose witness or witnesses concerning vital information relevant to the guilt or innocence of [a]ppellant. [II.] The [s]tate failed to prove the essential element of Hit Skip and thus the [trial] [c]ourt committed prejudicial error in finding [a]ppellant guilty. [III.] The [t]rial [c]ourt committed prejudicial error in finding [a]ppellant guilty of Hit Skip as the [s]tate failed to prove damages to the sign(s). [IV] The [t]rial [c]ourt errored [sic] in overruling the [a]ppellant's [m]otion for a [n]ew [t]rial."
 II. {¶ 9} The primary reason for Gillman's appeal is that the state failed to disclose on discovery that Officer Fulks recovered a part from Gillman's truck from a third party and that the part was discarded by Officer Fulks prior to discovery. Therefore, all four assignments of error may be treated as one.
 {¶ 10} From the evidence, it appears that Officer Fulks disposed of the part after Gillman pled guilty to the citation for failing to maintain control of his vehicle. It appears that Officer Fulks believed the case ended at this point and that no further need for retaining the part existed. Because the part was destroyed, it could not be introduced as evidence at trial or produced for Gillman's review. Gillman contends that the disposal of this evidence was crucial to his defense and that the trial court should have excluded all testimony regarding the evidence. However, Gillman never objected to the testimony regarding the evidence or the failure of the state to actually present it. At trial, Officer Fulks was thoroughly cross-examined regarding the part and the fact that it was disposed of prior to trial. Despite this cross-examination, Gillman never requested the trial court grant relief for the state's failure to produce the truck part. Therefore, Gillman's objection to this evidence was waived and cannot now be raised on appeal. Leichtamer v. American MotorCorp. (1981), 67 Ohio St.2d 456, 475, citing State ex rel. Kingv. Shannon (1960), 170 Ohio St. 393, 394. Furthermore, Gillman did not pursue his cause by a motion pursuant to Crim. R. 16, which waiver clearly applies to his case.
 {¶ 11} Accordingly, we overrule all of Gillman's assignments of error.
 III. {¶ 12} Because Gillman failed to object at trial to testimony regarding evidence that was not produced upon discovery and was discarded prior to trial, he may not now raise this issue on appeal. Accordingly, we overrule all four assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment and Opinion
Harsha, J.: Concurs in Judgment only.
Justice J. Craig Wright, retired from the Supreme Court of Ohio, sitting by assignment of the Supreme Court of Ohio in the Fourth District Court of Appeals.